IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02217-MSK-CBS

JOHN C. HAMILTON,

        Plaintiff,

v.

JOE ORTIZ, in his individual capacity,
CHRISTINE MOSCHETTI, in her individual capacity,
KATHLEEN NELSON, in her individual capacity, and
CHUCK LOVINGER, in his individual capacity,

        Defendants.

---

## ORDER GRANTING MOTION TO DISMISS

---

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss (**#7**) pursuant to Fed. R. Civ. P. 12(b)(6).  Having considered the motion, the response (**#13**), the reply (**#16**), and the supporting briefs (**#8, #14**), the Court finds and concludes as follows.

### I.  Jurisdiction

For purposes of determining the pending motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II.  Issue Presented

The Plaintiff, John C. Hamilton, was a prisoner in the custody of the Colorado Department of Corrections ("DOC").  He asserts two claims against the Defendants[1] under 42 U.S.C. § 1983

---

[1] To the extent practicable, the Court refers to each party by name.  Otherwise, the Court collectively refers to Mr. Ortiz, Ms. Moschetti, Ms. Nelson and Mr. Lovinger as "the Defendants."

pertaining to their alleged refusal to provide him with earned time credits.

The salient allegations are as follows.  On April 20, 2001, Mr. Hamilton pled guilty to Attempted Escape – a non-violent felony – and was sentenced to two years in the custody of the DOC, followed by two years of parole.  While on parole, Mr. Hamilton committed a parole violation and was reincarcerated in April 2003.  He was not credited for earned time while he was on parole.  He contends that he should have been provided earned time credits for the time spent on parole, and that this would have resulted in a release date of June 11, 2003.  However, he was not released from custody until November 24, 2003.

Claim 1 is a claim that all Defendants violated Mr. Hamilton's right to procedural due process because they deprived him of earned time to which he was entitled under § 17-22.5-405(5)(a), C.R.S., without adequate process.  Claim 2 is asserted only against Mr. Ortiz – Mr. Hamilton claims that Mr. Ortiz failed to train or supervise DOC staff, which resulted in the due process violation alleged in Claim 1.  Therefore, Claim 2 is inextricably linked to Claim 1.  The Court must determine whether these claims should be dismissed.

### III.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted.  There is a strong presumption against the dismissal of claims under this rule.  *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999).  The Court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to Mr. Hamilton.  *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991).  Only if Mr. Hamilton can allege no set of facts in support of his

claims is dismissal appropriate.  *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995).[2]

## IV.  Analysis

To state a *prima facie* procedural due process claim, Mr. Hamilton must allege that (1) he was deprived of a liberty or property interest (2) without adequate process.  *See Boutwell v. Keating*, 399 F.3d 1203, 1211-12 (10th Cir. 2005); *Hulen v. Yates*, 322 F.3d 1229, 1247 (10th Cir. 2003).  The Defendants contend that Mr. Hamilton has failed to state a procedural due process claim because he had no liberty or property interest in receiving earned time credits.  Mr. Hamilton disagrees, stating that an award of earned time was mandatory under § 17-22.5-405(5)(a), C.R.S.

The parties agree that there is no federal right to earned time credit and that any such right would derive from Colorado law.  Mr. Hamilton's claims are premised upon § 17-22.5-405(5)(a), C.R.S., which provides in relevant part:

> An offender who is sentenced and paroled for a nonviolent felony offense committed on or after July 1, 1993, **shall be eligible to receive any earned time while such offender is on parole** but shall not be eligible for earned time while such offender is reincarcerated after a revocation of the mandatory period of parole pursuant to section 18- 1.3-401(1)(a)(V), C.R.S.

The parties dispute the meaning of this statute.

When a statute is clear and unambiguous, the Court must strive to give each word in the statute its plain and ordinary meaning.  *See United States v. Quarrell*, 310 F.3d 664, 669 (10th Cir. 2002).  Here, the language of the statute is clear; it renders an offender "eligible" for earned time under certain circumstances.  If an inmate is eligible for earned time, then the DOC considers

---

[2] Mr. Hamilton is represented by counsel.  Therefore, the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) with respect to *pro se* pleadings is not applicable.

various factors in exercise of its discretion to determine whether to award earned time.  *See* § 17-22.5-405(1), C.R.S.  Therefore, the statute confers no entitlement to earned time.  Rather, it confers an opportunity for the inmate to be considered for such award in light of the applicable factors.

Mr. Hamilton contends that the word "shall" in the statute confers an entitlement to earned time.  However, his proposed reading of the statute would read the words "be eligible to" and "any" out of the statute, resulting in "shall receive earned time."  This is not what the Colorado Legislature wrote.  Indeed, Colorado courts construing various subsections of § 17-22.5-405, C.R.S., have consistently concluded that an award of earned time is within the DOC's discretion. *See Verrier v. Colorado Dept. of Corrections*, 77 P.3d 875, 878 (Colo. App. 2003); *People v. Frank*, 30 P.3d 664, 666 (Colo. App. 2000); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1203 (10th Cir. 2004).

In *Verrier*, the state appellate court construed the following language in § 17-22.5-302, C.R.S.: "an inmate who makes positive progress . . . shall receive earned time pursuant to section 17-22.5-405" as conferring no entitlement to earned time because an award of earned time is discretionary under § 27-22.5-405.  It acknowledged that the word "shall" usually has a mandatory connotation, but in the context of the earned time statute, "shall" means "should," "may" or "will."  Therefore, even when a statute provides that an inmate "shall receive earned time," the award of earned time remains discretionary.

The Court is also guided by caselaw interpreting analogous statutes, §§ 17-22.5-303 and -403, C.R.S., which repeatedly explain when particular inmates "shall be eligible for parole."  In *Renneke v. Kautzky*, 782 P.2d 343, 345 (Colo. 1989), the Colorado Supreme Court explained that

when a person is "eligible" for parole under § 17-22.5-303, the decision whether to grant parole is nevertheless vested within the discretion of the parole board. Therefore, the words "shall be eligible" for earned time mean only that the DOC may award earned time to an inmate meeting any statutory prerequisites.[3]

Because Mr. Hamilton had no liberty or property interest in an award of earned time, his due process claim must be dismissed. Likewise, his derivative claim against Mr. Ortiz, in which he alleges that Mr. Ortiz' actions resulted in the due process violation alleged in Claim 1, must also be dismissed. *See Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1154 (10th Cir. 2001).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (**#7**) is **GRANTED**, with each side to bear its own costs. The Clerk of Court is directed to close this case.

Dated this 30th day of May, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge

---

[3] The Court notes that under Colorado law, earned time credits do not constitute service of a sentence. *See Jones v. Martinez*, 799 P.2d 385, 387 n.1 (Colo. 1990). Instead, they are to be used in calculating an inmate's parole eligibility date. *See id.* at 387-88; *see also Rather v. Colorado State Bd. of Parole*, 856 P.2d 860, 862 (Colo. 1993). Therefore, even if Mr. Hamilton had been entitled to accrue earned time credits, the Court doubts that he would have been able to establish that his release date would have been any different.